```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-18-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHEILA A. MASTERSON,

                Plaintiff,

    -against-

NY FUSION MERCHANDISE, LLC,

                Defendant.
-----------------------------------------------------------x

13 Civ. 6559 (PKC)

MEMORANDUM
AND ORDER

CASTEL, U.S.D.J.

        Plaintiff Sheila A. Masterson brings this action against Defendant NY Fusion Merchandise, LLC ("NY Fusion") alleging claims of patent infringement under 35 U.S.C. § 271. NY Fusion now moves to dismiss the claims against it pursuant to Rule 12(b)(6), Fed. R. Civ. P., on the basis of the affirmative defenses of laches and equitable estoppel. NY Fusion also moves to stay discovery pending the resolution of its motion to dismiss. For the reasons stated below, NY Fusion's motions are denied.

## BACKGROUND

### I. Factual History

        The following facts are taken from the First Amended Complaint (the "FAC"), and matters of which judicial notice may appropriately be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152–53 (2d Cir. 2002). All facts are assumed to be true for the purpose of deciding defendants' motion to dismiss. All reasonable inferences are drawn in favor of the plaintiffs as non-movants. See In re Elevator Antitrust Litig., 502 F.3d 47, 50–51 (2d Cir. 2007) (per curiam).

Plaintiff Sheila A. Masterson holds two patents, U.S. Patent No. 7,980,095 (the "'095 Patent"), and U.S. Patent No. 8,479,536 (the "'536 Patent") in the field of customizable jewelry. (First Am. Compl. ("FAC") ¶ 7, Docket # 17.) Defendant NY Fusion is a limited liability company organized under the laws of New Jersey. (Id. ¶ 2.) Its members are Lily Lin and Greg Chen. (Id. ¶ 9.) Prior to her affiliation with NY Fusion, Lin had been employed by Masterson as an independent contractor. (Id. ¶ 9 n.1.)

Masterson initially filed the application for the '095 Patent on September 8, 2006. U.S. Patent No. 7,980,095, at [22] (filed Sept. 8, 2006). On June 5, 2008, Masterson first contacted NY Fusion and asked it stop selling one of its lines of jewelry. (MacMull Decl. Ex. A, at 1.) Masterson asserted that NY Fusion's sale of the line constituted a breach of a "Mutual Nondisclosure Agreement" that the parties had entered into on April 18, 2007. (Id.) On February 1, 2010, Masterson sent a letter to NY Fusion reiterating her request. (Id.; FAC ¶ 9.) According to the letter, NY Fusion's actions were a "violation of [Masterson's] trade secret rights, and state and Federal unfair competition." (MacMull Decl. Ex. A, at 1.) The letter further stated that NY Fusion's acts "may comprise acts of patent infringement." (Id.)

On February 12, 2010, NY Fusion responded to Masterson's letter. (MacMull Decl. Ex. B, at 1.) In its response, NY Fusion asserted that the demands in the letter did not appear to have any merit and that, in actuality, Masterson had "wrongfully exploited" NY Fusion's proprietary "knowhow and investment." (Id.) NY Fusion's response further requested an "immediate" retraction of Masterson's letter. (Id.)

On June 20, 2011, Masterson filed the application for the '536 Patent as a continuing application from the '095 Patent. U.S. Patent No. 8,479,536, at [22], [63] (filed June

20, 2011).  The '095 Patent issued on July 19, 2011.  '095 Patent, at [45].  The '536 Patent issued on July 9, 2013.  '536 Patent, at [45].

In May 2012, Masterson met with Lin at a hotel in Times Square.  (FAC ¶ 10.) During the course of the meeting, Masterson told Lin that she would file suit against NY Fusion if it did not stop infringing her patents.  (Id.)  Lin told Masterson that she could "try" to file suit. (Id.)

## II.  Procedural History

Masterson filed suit on September 19, 2013, alleging direct infringement of the '095 Patent and the '536 Patent.  (Compl. ¶ 7–8, Docket # 1.)  NY Fusion was served on November 14, 2013.  (Aff. of Service 1, Docket # 7.)  After an initial pretrial conference, the Court set a deadline for amended pleadings of February 20, 2014.  (Civil Case Management Plan & Scheduling Order 3, Docket # 16.)  The Court also set the close of fact discovery for June 9, 2014.  (Id. at 2.)  Expert discovery was to be completed by July 31, 2014.  (Id.)

On February 18, 2014, Masterson's counsel mailed the FAC to the Clerk of Court. (Cortez Decl. ¶ 3.)  The FAC was docketed six days later, on February 24.  (Docket # 17.)  On February 22, Masterson's counsel e-mailed a copy of the FAC to NY Fusion's counsel. (MacMull Decl. Ex. D, at 1.)  Four days later, NY Fusion's counsel received a Notice of Electronic Filing (a "NEF") through the Court's Electronic Case Filing ("ECF") system indicating that the FAC had been filed with the Court.  (MacMull Decl. Ex. F, at 1–2.)  The e-mail did not, however, contain an attachment with a copy of the FAC, and no electronic version of the FAC appeared on the docket.  (Id. at 2; see Docket # 17.)  NY Fusion's counsel subsequently informed Masterson's counsel and requested a "file stamped" copy of the FAC. (MacMull Decl. Ex. F, at 1.)  Two months later, in an e-mail dated April 24, NY Fusion's counsel again requested a copy of the filed FAC.  (MacMull Decl. Ex. G, at 1–2.)  The e-mail

also noted that NY Fusion had not previously agreed to service by e-mail and explicitly gave permission for electronic service.  (Id. at 2.)  The same day, Masterson's counsel sent a copy of the filed FAC as an e-mail attachment.  (Id. at 1.)

NY Fusion moved to dismiss the FAC and to stay discovery on May 12, 2014.  (Docket # 18, 20.)

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain . . . sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In assessing a complaint, courts draw all reasonable inferences in favor of the non-movant.  See Elevator Antitrust Litig., 502 F.3d at 50.  Legal conclusions, however, are not entitled to any presumption of truth, and a court assessing the sufficiency of a complaint disregards them.  Iqbal, 556 U.S. at 678.  Instead, the court must examine only the well-pleaded factual allegations, if any, "and then determine whether they plausibly give rise to an entitlement to relief."  Id. at 679.

"[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  Chambers, 282 F.3d at 152 (quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)).  "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint."  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (quoting Chambers, 282 F.3d at 152–53)).  "[A] plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document

on a dismissal motion; mere notice or possession is not enough." Chambers, 282 F.3d at 153. "[E]ven if a document is integral to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." DiFolco, 622 F.3d at 111 (internal quotation marks and citation omitted).

## DISCUSSION

### I.  Timeliness of the Parties' Submissions.

NY Fusion asserts that Masterson's filing of the FAC is untimely and expressly reserves its right to challenge the FAC on the basis of insufficient service of process pursuant to Rule 12(b)(5), Fed. R. Civ. P.  Masterson argues that NY Fusion's Motion to Dismiss is untimely and must therefore be denied.

The Court initially set a deadline for Masterson to file an amended complaint of February 20, 2014.  (Civil Case Management Plan & Scheduling Order 3.)  Prior to March 17, 2014, the Court's ECF system did not allow for the electronic filing of amended complaints. See S.D.N.Y. Electronic Case Filing Rules & Instructions 4.  A non-electronic submission to the Court is considered "filed" when it is received by the Clerk of Court or a judge who agrees to accept it for filing.  Rule 5(d)(2), Fed. R. Civ. P.; Kelly v. Lohan, No. 08 CV 2205(JG)(ARL), 2008 WL 4693317, at *2 n.5 (E.D.N.Y. Oct. 23, 2008).  Though mailed on February 18, 2014, the FAC was not received by the Clerk of Court until February 24.  (Cortez Decl. ¶ 3; Docket # 17.)  Consequently, the FAC was not timely submitted.  However, as the delay in filing was four days, and NY Fusion had notice of Masterson's filing on February 22, in the interests of justice, the Court sua sponte grants a nunc pro tunc extension for submission to February 24, 2014, and deems the FAC to be timely filed.

Under Rule 15(a)(3), Fed. R. Civ. P., unless the Court orders otherwise, a party must respond to an amended pleading "within the time remaining to respond to the original

- 5 -

pleading or within 14 days after service of the amended pleading, whichever is later." When a party is represented by an attorney, service must be made upon the attorney. Rule 5(b)(1), Fed. R. Civ. P. In cases assigned to the ECF system, service is complete when a NEF is transmitted to all parties. S.D.N.Y. Electronic Case Filing Rules & Instructions § 9.1.

Ordinarily, the transmission of the NEF to NY Fusion's counsel would be sufficient to constitute service of the FAC. See Rule 5(b)(3), Fed. R. Civ. P. However, service of the FAC through the ECF system became ineffective when Masterson's counsel learned NY Fusion had not received a copy of the filing. See Rule 5(b)(2)(E), Fed. R. Civ. P. Further, service could not be effected through e-mail without NY Fusion's express written consent. See id.; Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc., 896 F. Supp. 2d 223, 228 (S.D.N.Y. 2012). Thus, any attempt to serve NY Fusion through electronic means, other than the Court's ECF system, before it consented to service via e-mail on April 24, 2014, is ineffective. Consequently, service was effected on NY Fusion when it received the FAC as an e-mail attachment on April 24, 2014. (See MacMull Decl. Ex. G, at 1.)

From April 24, 2014, when it had properly been served, NY Fusion had fourteen days to respond to the FAC. Rule 15(a)(3). Because service was through electronic means, NY Fusion's time to respond was extended by three days. Rule 6(d), Fed. R. Civ. P. Thus, NY Fusion's motion was due on May 11, 2014, seventeen days after April 24. However, as May 11, 2014, was a Sunday, NY Fusion's motion was due the following Monday, May 12. See Rule 6(a)(1)(C). Therefore, NY Fusion's motion, which was filed on May 12, 2014, was timely. (See Docket # 18.)

II. NY Fusion's Motion to Dismiss Is Denied.

NY Fusion argues that the FAC should be dismissed based on the grounds of laches and equitable estoppel.[1]  As both are affirmative defenses, the defendant has the burden of establishing each defense.  A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1032, 1044 (Fed. Cir. 1992) (en banc).  Further, defenses of laches and equitable estoppel frequently require consideration of facts outside the complaint.  See id. at 1032–33, 1042–43; Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc., 988 F.2d 1157, 1161 (Fed. Cir. 1993).  In general, when a defense requires consideration of facts outside of the complaint, it is inappropriate to consider it on a motion to dismiss, unless "the facts necessary to establish the defense are evident on the face of the complaint."  See Kelly-Brown v. Winfrey, 717 F.3d 295, 308 (2d Cir. 2013).

a. Laches

In order to succeed on a defense of laches, a defendant has the burden of proving (1) that the "patentee unreasonably and inexcusably delayed filing suit," and (2) that the delay "resulted in material prejudice to the defendant."  See Ecolab, Inc. v. Envirochem, Inc., 264 F.3d 1358, 1372 (Fed. Cir. 2001).  When a plaintiff delays filing suit for more than six years, a rebuttable presumption of laches arises.  A.C. Aukerman Co., 960 F.2d at 1035–36.  The period of delay is measured from the time a patentee knew, or reasonably should have known, of a

---

[1] The Court notes that the Supreme Court's opinion in Petrella v. Metro-Goldwyn Mayer, Inc. calls into question the continuing viability of a laches defense in patent cases.  See 134 S. Ct. 1962, 1974 n.15 (2014) ("Based in part on [35 U.S.C.] § 282 and commentary thereon, legislative history, and historical practice, the Federal Circuit has held that laches can bar damages incurred prior to the commencement of suit, but not injunctive relief.  We have not had occasion to review the Federal Circuit's position." (citation omitted)).  In Petrella, the Court held that "in face of a statute of limitations enacted by Congress," laches could not be invoked to bar legal relief on a claim of copyright infringement.  Id. at 1974.  Because NY Fusion's motion is denied, the Court need not reach the issue of whether the time limitation on damages for patent infringement operates as a statute of limitations and may therefore bar the application of a laches defense.  Compare 35 U.S.C. § 286 ("Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action.") with 17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.").

defendant's infringing activities, but may not begin before the patent has been issued. Id. at 1033; see also Hor v. Chu, 699 F.3d 1331, 1335 (Fed. Cir. 2012) ("In Aukerman, this court applied the six-year presumption of laches to a patentee's claim of infringement, holding that the laches clock did not start to run—at the earliest—until the patent issued."). As laches is an equitable doctrine, it is not established by undue delay and prejudice, which "merely lay the foundation for the trial court's exercise of discretion." A.C. Aukerman Co., 960 F.2d at 1036. The defense may be denied when there is evidence of other factors which would make it inequitable to recognize the defense. Id.

NY Fusion argues that the period of delay began in 2008, when Masterson first contacted NY Fusion about its jewelry line. But the patents at issue were issued on July 19, 2011, and July 9, 2013. '095 Patent, at [45]; '536 Patent, at [45]. Thus, the delay period could not begin to run before July 2011, and July 2013, respectively. As the earliest date is less than three years before Masterson brought suit, a presumption of laches does not arise. See A.C. Aukerman Co., 960 F.2d at 1035.

NY Fusion argues that the delay between its last rejection of Masterson's claims in May 2012 and the initiation of the instant action by itself would "arguably justify a finding of laches under the relevant standard." NY Fusion does not, however, explain how a delay of sixteen months is unreasonable. As the facts alleged in the FAC do not raise a presumption of laches, let alone give rise to an inference either that the delay was unreasonable, or that NY Fusion will be prejudiced by allowing the suit to proceed, the Court cannot conclude that the facts necessary to establish laches appear on the face of the FAC.

Even if the facts alleged gave rise to a presumption of laches, it would not be appropriate for the Court to consider it on the record before it. "The strictures of Rule 12(b)(6),

wherein dismissal of the claim is based solely on the complaint's pleading, are not readily applicable to a determination of laches." Advanced Cardiovascular Sys., Inc., 988 F.2d at 1161. Facts concerning factors, such as the unreasonableness of the delay or the lack of excuse do not appear in the FAC and, consequently, may not be "decided against the complainant based solely on presumptions." Id.

### b. Equitable Estoppel

Like laches, equitable estoppel is an equitable defense "addressed to the sound discretion of the trial court." A.C. Aukerman Co., 960 F.2d at 1041. In the patent infringement context, equitable estoppel is established when "(1) the patentee, through misleading conduct, led the alleged infringer to reasonably believe that the patentee did not intend to enforce its patent against the infringer; (2) the alleged infringer relied on that conduct; and (3) due to its reliance, the alleged infringer would be materially prejudiced if the patentee were permitted to proceed with its charge of infringement." Aspex Eyewear Inc. v. Clariti Eyewear, Inc., 605 F.3d 1305, 1310 (Fed. Cir. 2010). "In deciding whether to bar [a] suit on estoppel grounds, the court must consider all evidence relevant to the equities." Id. At all times, the defendant carries the burden to establish the defense "based on proof, not a presumption." A.C. Aukerman Co., 960 F.2d at 1043.

NY Fusion asserts that Masterson's delay of sixteen months, in light of her previous demands before the patents were issued, was unreasonable and served to prejudice it. Unlike laches, equitable estoppel does not require an unreasonable delay, though delay may be used as evidence of misleading conduct. See id. at 1041–42. When inaction forms the basis of an equitable estoppel finding, it "must be combined with other facts respecting the relationship or contacts between the parties to give rise to the necessary inference that the claim against the defendant is abandoned." Id. at 1042. Aside from noting that one of NY Fusion's members, Lin,

formerly worked with Masterson and that Masterson encountered Lin in Times Square, the FAC does not allege any sort of relationship between Masterson and NY Fusion. (See FAC ¶¶ 9 n.2, 10.)

Further, the facts necessary to support an inference that NY Fusion acted in reliance on Masterson's delay to not appear on the face of the FAC. NY Fusion makes reference to "personal and capital equity expended in preparing for, paying for and participating in multiple jewelry tradeshows," but no tradeshows are mentioned at all in the FAC. (See id. ¶ 10.) Even if these facts had appeared in the FAC, mere investment in a business is not sufficient to create an inference of prejudice through delay. See Gasser Chair Co. v. Infanti Chair Mfg. Corp., 60 F.3d 770, 775 (Fed. Cir. 1995).

Therefore, the Court concludes that facts necessary to establish the affirmative defense of equitable estoppel do not appear on the face of the FAC.

### III. NY Fusion's Motion to Stay Discovery Is Denied as Moot.

NY Fusion moves to stay discovery pending the resolution of its motion to dismiss. Because NY Fusion's motion to dismiss is denied, its motion to stay discovery is denied as moot.

### CONCLUSION

For the foregoing reasons, NY Fusion's motion to dismiss (Docket # 18) is DENIED. NY Fusion's motion to stay discovery (Docket # 20) is DENIED as moot.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 17, 2014